**UNITED STATES of America,
Appellee,**

v.

**Cesar MANAN, Defendant,**

**733**

Guillermo Presinal, Defendant–
Appellant.

Docket No. 03–1358.

United States Court of Appeals,
Second Circuit.

March 11, 2004.

Daniel R. Margolis, Assistant U.S. Attorney, for James B. Comey, United States Attorney for the Southern District of New York (Miriam H. Baer, of counsel), for Appellee.

Jesse M. Siegel, New York, NY, for Defendant–Appellant.

PRESENT: GRAAFEILAND, LEVAL, and CALABRESI, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Guillermo Presinal pled guilty to conspiring to launder proceeds from a narcotics trafficking operation in violation of 18 U.S.C. § 1956(a)(1)(B)(i), after using his livery cab to transport a combined total of over one million dollars.[1] He now appeals his sentence of 60 months' imprisonment on the grounds that the district court erroneously failed to grant him a minor role adjustment.

It is well-established that a defendant's status as a courier does not automatically entitle him or her to a minor role adjustment. *See United States v. Garcia,* 920 F.2d 153, 155 (2d Cir.1990) ("While in certain cases and on particular facts, a district court might conclude that a defendant courier was substantially less culpable than the average participant and thus make a downward adjustment pursuant to § 3B1.2, this conclusion is by no means mandated.") (internal quotation marks omitted). Further, on the facts of this case, which are not materially disputed by the defendant, Presinal's participation could be viewed as considerably more extensive than that of an ordinary courier. Also, although the funds Presinal transported derived from a larger drug operation, he was charged only with money laundering conspiracy. While the defendant might well have been entitled to a minor role adjustment in relation to the drug conspiracy had he been charged with

---

1. In the course of his participation in the transfer of proceeds to an undercover agent, he used coded language typical of such operations.

that offense, the scope of the money laundering conspiracy was narrower; conduct that might have been minor in the context of the overall conspiracy was not necessarily minor when considered in relation to the money laundering aspect of the overall criminal venture. *See United States v. Finkelstein*, 229 F.3d 90, 97–98 (2d Cir. 2000). Under the circumstances, then, we cannot say that the district court's ruling was incorrect.

We have considered all of the appellant's arguments and found them to be without merit. Accordingly, we AFFIRM the judgment of the district court.